SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2018 JUL 17 PM 4:30

OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN PABLO SANCHEZ DELGADO, a/k/a "Pablo,"<br>ANTONIO DE JESUS CASTRO, a/k/a "Tony"<br>MAGDALENA CASTRO BENITEZ, a/k/a "Nena,"<br>ALMA HERNANDEZ MORENO, a/k/a "Aunt"<br>ANAYANCY CASTRO HERNANDEZ, a/k/a "Anay,"<br>FABIAN CASTRO, a/k/a "Fabi,"<br>SUNI SARAHI SANCHEZ DELGADO<br>OSVALDO SANCHEZ DELGADO, a/k/a "Lalo," a/k/a "Lalito,"<br>JOHN CHRISTOPHER GOOD,<br>ARACELY HEREDIA MARTINEZ, a/k/a "Donita,"<br>ERIC BERINGER,<br>CHRISTOPHER THURLOW,<br>MAYRA P. JIMENEZ,<br>ASIYADETH JIMENEZ CASTELLON,<br>JOHN GLIDDEN,<br>JAIME GARCIA COTA, a/k/a "David,"<br>LILLIAN AJIN,<br>JP AND SONS, LLC,<br>J GREEN VALLEY, LLC, and<br>CASTRO PROPERTIES, LLC,<br><br>Defendants. | 4:18CR 3088<br><br>INDICTMENT<br>8 U.S.C. § 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i)<br>18 U.S.C. § 2<br>18 U.S.C. § 1956(h) and 2 |

The Grand Jury charges that

## COUNT I – CONSPIRACY

Between on or about January 1, 2015, and on or about July 17, 2018, in the District of

Nebraska and elsewhere,

JUAN PABLO SANCHEZ DELGADO, a/k/a "Pablo,"

1

ANTONIO DE JESUS CASTRO, a/k/a "Tony"
MAGDALENA CASTRO BENITEZ, a/k/a "Nena,"
ALMA HERNANDEZ MORENO, a/k/a "Aunt"
ANAYANCY CASTRO HERNANDEZ, a/k/a "Anay,"
FABIAN CASTRO, a/k/a "Fabi,"
SUNI SARAHI SANCHEZ DELGADO
OSVALDO SANCHEZ DELGADO, a/k/a "Lalo," a/k/a "Lalito,"
JOHN CHRISTOPHER GOOD,
ARACELY HEREDIA MARTINEZ, a/k/a "Donita,"
ERIC BERINGER,
CHRISTOPHER THURLOW,
MAYRA P. JIMENEZ,
ASIYADETH JIMENEZ CASTELLON,
JOHN GLIDDEN,
JAIME GARCIA COTA, a/k/a "David,"
LILLIAN AJIN,
JP AND SONS, LLC,
J GREEN VALLEY, LLC, and
CASTRO PROPERTIES, LLC,

defendants herein, did knowingly and willfully conspire and agree together and with each other, and with other persons known and unknown to the grand jury, to commit harboring and concealment of aliens, by unlawfully employing, transporting, concealing from detection, and housing aliens, with knowledge and reckless disregard of the fact that the aliens were not lawfully in the United States for the purpose of avoiding detection by immigration authorities.

MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that JUAN PABLO SANCHEZ DELGADO, an alien, MAGDALENA CASTRO BENITEZ, an alien previously removed and deported from the United States to Mexico, and ANTONIO DE JESUS CASTRO, a son of MAGDALENA CASTRO BENITEZ who obtained citizenship by being born in the United States, established and operated the company, "JP and Sons, LLC" and "J Green Valley, LLC," for the purpose of providing unlawful employment to aliens in the States of Nebraska, Minnesota, and Nevada;

2

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO would advertise his phone number and available jobs over Facebook;

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO, in part through his companies JP AND SONS, LLC and J GREEN VALLEY, LLC, entered into contracts with Elkhorn River Farms, LLC, O'Neill Ventures, LLC, GJW, LLC, and other companies known and unknown to the grand jury in order to supply those companies with workers;

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO and ANTONIO DE JESUS CASTRO failed to verify the identities of the workers supplied to these companies and failed to complete paperwork required by law to hire these employees before assisting with placing aliens in jobs at the companies identified and at other companies known and unknown to the grand jury;

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO and ANTONIO DE JESUS CASTRO used different names and social security numbers for the aliens with the companies that they contracted with to provide the alien workforce in order to conceal the aliens' identities and immigration status;

It was also part of the conspiracy that ERIC BERINGER, a United States citizen and a supervisor at Elkhorn River Farms, LLC and CHRISTOPHER THURLOW, a United States citizen and supervisor at Elkhorn River Farms, LLC, did supervise and assist in employing aliens with JUAN PABLO SANCHEZ DELGADO, to include JAIME GARCIA COTA, an alien, who they documented under a false identity at their company, with knowledge and reckless disregard that JAIME GARCIA COTA, was an alien who could not legally work in the United States;

It was also part of the conspiracy that, ASIYADETH JIMENEZ-CASTELLON, a Lawful Permanent Resident born in Mexico and a supervisor at O'Neill Ventures, LLC and MAYRA P. JIMENEZ, a Lawful Permanent Resident born in Mexico, and supervisor and human resources specialist at O'Neill Ventures, LLC, did supervise and assist in employing aliens with JUAN PABLO SANCHEZ DELGADO, to include M M-V; M F-R; and E R-B, aliens known to the grand jury, with knowledge and reckless disregard that M M-V; M F-R; and E R-B, were aliens who could not legally work in the United States;

It was also part of the conspiracy that, JOHN GLIDDEN, a United States citizen and a supervisor at GJW, LLC, did supervise and assist in employing aliens with JUAN PABLO SANCHEZ DELGADO, with knowledge and reckless disregard that one or more of these employees were aliens who could not legally work in the United States, and it was further part of the conspiracy that JOHN GLIDDEN would offer and provide housing to aliens;

It was also part of the conspiracy that, ALMA HERNANDEZ MORENO, an alien, and ANAYANCY CASTRO HERNANDEZ, a deferred action recipient and employee of Great Western Bank, and ARACELY HEREDIA MARTINEZ, an alien previously deported from the United States to Mexico, would assist the harboring conspiracy by converting the paychecks of aliens employed by JP AND SONS, LLC, into United States currency and assisting aliens with transferring the proceeds of unlawful employment into the United States by wire transfer to countries in Central and Southern America and by withholding money from those aliens and unlawful employees at JUAN PABLO SANCHEZ DELGADO'S direction. Over eight million dollars in financial transactions were conducted through company accounts at Great Western Bank that were controlled by JUAN PABLO SANCHEZ DELGADO.

It was also part of the conspiracy that JOHN CHRISTOPHER GOOD, a United States citizen, would allow JUAN PABLO SANCHEZ DELGADO and MAGDALENA CASTRO BENITEZ, to conceal commercial assets and businesses in his name, to include "La Herradura," a restaurant in O'Neill, Nebraska, that is operated and staffed by JUAN PABLO SANCHEZ DELGADO, and which MAGDALENA CASTRO BENITEZ, assisted in managing and operating. JOHN CHRISTOPHER GOOD also provided a residence to harbor JUAN PABLO SANCHEZ DELGADO, for the purpose of concealing JUAN PABLO SANCHEZ DELGADO from immigration authorities.

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO, OSVALDO SANCHEZ DELGADO, ANTONIO DE JESUS CASTRO, and others known and unknown to the grand jury, transported aliens to places of unauthorized employment in order to help provide them with unauthorized employment and to conceal aliens from detection by immigration authorities.

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO, JOHN CHRISTOPHER GOOD, JOHN GLIDDEN, and others known and unknown to the grand jury would provide aliens with housing in order to support their unauthorized employment and to conceal aliens from detection by immigration authorities.

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO and ANTONIO DE JESUS CASTRO would assist aliens who had overstayed their temporary visas to obtain unlawful employment in the United States under false identities.

It was also part of the conspiracy that FABIAN CASTRO, SUNI SARAHI SANCHEZ DELGADO, OSVALDO SANCHEZ DELGADO, MAGDALENA CASTRO BENITEZ, ALMA HERNANDEZ MORENO, JOHN CHRISTOPHER GOOD, MAYRA P JIMENEZ,

LILLIAN AJIN, PEDRO AJIN, ANTONIO DE JESUS CASTRO, and others known and unknown to the grand jury would agree to warn each other about possible enforcement actions of Immigration and Customs Enforcement agents and officers in order to conceal themselves and aliens and others known and unknown to the grand jury from detection by law enforcement and deportation out of the United States.

It is further alleged that the defendants herein committed the offense for the purpose of commercial advantage and private financial gain.

## OVERT ACTS

In furtherance of the conspiracy identified above, and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Nebraska and elsewhere:

1. On or about March 16, 2018, ALMA HERNANDEZ MORENO and ANAYANCY HERNANDEZ, converted paychecks of alien employees into United States currency, and they conducted those financial transactions at the El Mercadito grocery store in O'Neill, Nebraska that is controlled by JUAN PABLO SANCHEZ DELGADO.

2. On May 7, 2018, OSVALDO SANCHEZ DELGADO, referred a new employer who needed workers to cut ten acres of pines to JUAN PABLO SANCHEZ DELGADO, who later entered into an agreement with them and supplied the workers for that contract.

3. On or about May 8, 2018, in O'Neill, Nebraska, ASIYADETH JIMENEZ CASTELLON, appeared in person at the scene of a roadside detention by deportation officers in order to translate for aliens employed at her company that the officers detained. Officers advised ASIYADETH JIMENEZ CASTELLON during that same encounter that three

individuals employed at her company, O'Neill Ventures, LLC, could not legally work at the company or in the United States.

4. On May 31, 2018, ANTONIO DE JESUS CASTRO, deposited checks from employers into company bank accounts in Grand Island, Nebraska, so that aliens could receive their pay for unlawful employment.

5. On or about June 21, 2018, JOHN CHRISTOPHER GOOD, advised JUAN PABLO SANCHEZ DELGADO and MAGDALENA CASTRO BENITEZ of possible ICE presence in the area and advised them to close the La Herradura restaurant if necessary to avoid detection and apprehension by law enforcement.

6. On or about June 22, 2018, JUAN PABLO SANCHEZ DELGADO advised MAYRA P. JIMENEZ that law enforcement caught two or three of his employees for not having papers permitting them to work in the United States, and MARYA P. JIMENEZ agreed that she and others at O'Neill Ventures, LLC, would advise JUAN PABLO SANCHEZ DELGADO if they got word that there was going to be trouble with immigration, or words to that effect.

7. On or about June 17, 2018, JOHN GLIDDEN advised JUAN PABLO SANCHEZ that an alien known to the grand jury that had been employed by his company through JUAN PABLO SANCHEZ DELGADO'S company was getting papers to become legal after that alien had already been employed by the company previously. Five days later, JOHN GLIDDEN asked JUAN PABLO SANCHEZ for more employees with no questions or inquiries about the legal status of those employees.

8. On or about June 22, 2018, in Ainsworth, Nebraska, JOHN GLIDDEN advised JUAN PABLO SANCHEZ DELGADO, that he had a house where a few of the employees could live while working for his company, GJW, LLC.

9. On or about June 27, 2018, JUAN PABLO SANCHEZ DELGADO advises the relative of a prospective hire that he does not care what name that person uses to get employed through his company. JUAN PABLO SANCHEZ DELGADO just needs to call over to the company to get him hired and that this individual does not need papers to work at the tomato company, a reference to O'Neill Ventures, LLC.

All in violation of Title 8, United States Code, 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

## COUNT II – MONEY LAUNDERING CONSPIRACY

Between on or about January 1, 2015, and on or about July 17, 2018, in the District of Nebraska and elsewhere,

> JUAN PABLO SANCHEZ DELGADO, a/k/a "Pablo,"
> ANTONIO DE JESUS CASTRO, a/k/a "Tony"
> MAGDALENA CASTRO BENITEZ, a/k/a "Nena,"
> ALMA HERNANDEZ MORENO, a/k/a "Aunt"
> ANAYANCY CASTRO HERNANDEZ, a/k/a "Anay,"
> JOHN CHRISTOPHER GOOD, and
> ARACELY HEREDIA MARTINEZ, a/k/a "Donita,"
> JP AND SONS, LLC,
> J GREEN VALLEY, LLC, and
> CASTRO PROPERTIES, LLC,

defendants herein, did knowingly and willfully conspire and agree together and with each other, and with other persons known and unknown to the grand jury, to commit laundering of monetary instruments by conducting and attempting to conduct financial transactions that in any way or degree affected interstate or foreign commerce with money and property that involved the proceeds of some form of unlawful activity, that is any act relating to harboring certain aliens,

8

and at the time of the financial transactions and attempted financial transactions, the defendants knew the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of harboring aliens and to avoid transaction reporting requirements and to promote the harboring of aliens.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that JUAN PABLO SANCHEZ DELGADO required his alien employees employed through his companies "JP & Sons, LLC," and "J Green Valley, LLC" to convert their paychecks, representing the proceeds of his conspiracy to harbor aliens, into United States currency at his grocery store and money servicing business, El Mercadito, in O'Neill, Nebraska;

It was also part of the conspiracy that JUAN PABLO SANCHEZ DELGADO would withhold money from his aliens' paychecks by falsely representing to the aliens that he was withholding federal taxes that would be submitted to the federal government when he was, in fact, retaining those withholdings as illegal proceeds;

It was also part of the conspiracy that ANAYANCY CASTRO HERNANDEZ, an employee at Great Western Bank, ALMA HERNANDEZ MORENO, and ARACELY HEREDIA MARTINEZ, to convert the aliens' paychecks into United States currency;

It was also part of the conspiracy for ANTONIO DE JESUS CASTRO, MAGDALENA CASTRO BENITEZ, and JUAN PABLO SANCHEZ DELGADO to deposit approximately $5,648,519.23 in illegal proceeds generated from a conspiracy to harbor aliens who were unlawful employees of their staffing companies into bank accounts;

It was also part of the conspiracy that ANTONIO DE JESUS CASTRO and JUAN PABLO SANCHEZ DELGADO would withdraw United States currency from those bank

accounts that received the proceeds of the specified unlawful activity of a conspiracy to harbor aliens and to deliver United States currency to ALMA HERNANDEZ MORENO, ANAYANCY CASTRO HERNANDEZ, and ARACELY HEREDIA MARTINEZ, so that those three could convert the aliens' paychecks into United States currency in order to promote the conspiracy to harbor aliens;

It was also part of the conspiracy that MAGDALENA CASTRO BENITEZ and JUAN PABLO SANCHEZ DELGADO would purchase commercial and real estate assets in Las Vegas, Nevada and the State of Nebraska with proceeds of the conspiracy to harbor aliens in order to conceal the proceeds and the combined value of those purchased assets was in excess of one million dollars;

It was also part of the conspiracy for MAGDALENA CASTRO BENITEZ and JUAN PABLO SANCHEZ DELGADO, in part through their company CASTRO PROPERTIES, LLC, would conceal and disguise the true ownership of commercial and real estate assets in the names of others, to include JOHN CHRISTOPHER GOOD, ANTONIO CASTRO, and others known and unknown to the grand jury.

In violation of Title 18, United States Code, Section 1956(h) and Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Count I and Count II of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(6).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants, JUAN PABLO SANCHEZ DELGADO, MAGDALENA CASTRO BENITEZ, JOHN CHRISTOPHER GOOD, and ANTONIO DE JESUS CASTRO shall forfeit to the United States of America any

property, real or personal, involved in such offense for Count II, or as pertains to Count I, any property real or personal used to facilitate or intended to be used to facilitate the commission of the offense of which the defendants are convicted, and for the offense in Count II, any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a.    The sums of money and proceeds in the following bank accounts maintained at Wells Fargo Bank:

        1. Account number 1260165772 in the name of Magdalena Sanchez;

        2. Account number 3259869281 in the name of Magdalena Sanchez;

        3. Account number 2062689092 in the name of Juan Pablo Sanchez Delgado;

        4. Account Number 3277505685 in the name of "J Green Valley, LLC" and Magdalena Sanchez and Juan Pablo Sanchez Delgado;

        5. Account Number 3277505677 in the name of "J Green Valley, LLC," and Magdalena Sanchez and Juan Pablo Sanchez Delgado;

        6. Account Number 8916224366 in the name of "M Castro Properties, LLC;"

    b.    The sums of money and proceeds in the following bank accounts maintained at Great Western Bank:

        1. Account number 11313578 in the name of John C. Good, doing business as "La Herradura;"

        2. Account number 11313463 in the name of "JP and Sons, LLC;" and

          3. Account Number 10047503 in the name of Juan Pablo Sanchez, doing business as, "El Mercadito."

    c. The piece of real property located at: 9505 Fox Forest Avenue, Las Vegas, Nevada, 89129 and more particularly described as: Lot 6 in Block 1 of Canyon Meadows 6, as shown by map thereof on file in Book 86 of Plats, Page 68 in the office of the County Recorder of Clark County Nevada.

    d. The piece of real property located at: 2915 Carroll Street, North Las Vegas, Nevada, 89030 and more particularly described as: Lot 104 in Block 7 of Park North No. 2B, as shown by map thereof on file in Book 7 of Plats, Page 84, in the office of the County Recorder of Clark County Nevada.

    e. The piece of real property located at: 4797 Judson Avenue, Las Vegas, Nevada, 89115 and more particularly described as: Lot 8 in Block 4 of Lake Mead Gardens Unit 2, as shown by map thereof on file in Book 23 of Plats, Page 10, in the office of the County Recorder of Clark County Nevada.

    f. The piece of real property located at: 2139 Bledsoe Lane, Las Vegas, Nevada, 89156, and more particularly described as:

All that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

Parcel One (1):

That portion of the Northwest Quarter (NW 1/4) of Section 21, Township 20 South, Range 62 East, M.D.B. & M., described as follows:

    Commencing at the Southwest corner of the Northwest Quarter (NW 1/4) of said Section 21;
    Thence North 89 degrees 45' 48" East, along the South line thereof, a distance of 1675.04 feet to a point;

>Thence North 02 degrees 28' 40" West, and parallel to the West line of the Northwest Quarter (NW 1/4) of said
>Section 21, a distance of 914.00 feet, the True Point of Beginning;
>Thence North 0 degree 28' 40" West, a distance of 79 feet to a point;
>Thence North 89 degrees 45' 48" East, a distance of 325 feet to a point;
>Thence South 0 degree 28' 40" East, a distance of 79 feet to a point;
>Thence South 89 degrees 45' 48" West, a distance of 325 feet to the True Point of Beginning.

Parcel Two (2):

That portion of the Northwest Quarter (NW 1/4) of Section 21, Township 20 South, Range 62 East, M.D.B. & M., described as follows:

>Commencing at the Southwest corner of the Northwest Quarter (NW 1/4) of said section 21;
>Thence North 89 degrees 45' 48" East, along the South line thereof, a distance of 1675.04 feet to a point;
>Thence North 0 degree 28' 40" West, and parallel to the West line of the Northwest Quarter (NW 1/4) of said Section 21, a distance of 993 feet, the True Point of Beginning;
>Thence North 0 degree 28' 40" West, a distance of 79 feet to a point;
>Thence North 89 degrees 45' 48" East, a distance of 325 feet to a point;
>Thence South 0 degree 28' 40" East, a distance of 79 feet to a point;
>Thence South 89 degrees 45' 48" West, a distance of 325 feet to the True Point of Beginning.

    d.    **Money Judgment**. Judgment against Defendant(s), JUAN PABLO SANCHEZ DELGADO, MAGDALENA CASTRO BENITEZ, JOHN CHRISTOPHER GOOD, and ANTONIO DE JESUS CASTRO, for a sum of money equal to the value of the property involved in Count I and Count II of this Indictment, .

    3.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

FOREPERSON

The United States of America requests that trial of this case be held in Lincoln, Nebraska, pursuant to the rules of this Court.

*[signature]*
LESLEY WOODS
Assistant U.S. Attorney