IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JUAN PABLO SANCHEZ DELGADO, a/k/a "Pablo," ANTONIO DE JESUS CASTRO, a/k/a "Tony" MAGDALENA CASTRO BENITEZ, a/k/a "Nena," ALMA HERNANDEZ MORENO, a/k/a "Aunt" ANAYANCY CASTRO HERNANDEZ, a/k/a "Anay," FABIAN CASTRO, a/k/a "Fabi," SUNI SARAHI SANCHEZ DELGADO OSVALDO SANCHEZ DELGADO, a/k/a "Lalo," a/k/a "Lalito," JOHN CHRISTOPHER GOOD, ARACELY HEREDIA MARTINEZ, a/k/a "Donita," ERIC BERINGER, CHRISTOPHER THURLOW, MAYRA P. JIMENEZ, ASIYADETH JIMENEZ CASTELLON, JOHN GLIDDEN, JAIME GARCIA COTA, a/k/a "David," LILLIAN AJIN, JP AND SONS, LLC, J GREEN VALLEY, LLC, and CASTRO PROPERTIES, LLC,<br><br>           Defendants. | **PROTECTIVE ORDER**<br><br>4:18CR3088 |

    Pending before the Court is the government's Motion for a Protective Order Governing Disclosure of Discovery Materials. (Filing No. 233). Defendants Beringer, Good, Thurlow, and Glidden ("Objecting Defendants") object to the government's proposed protective order, (Filing Nos. 235 & 236), arguing:

> The Government's Motion is premature. Defendants have no information about what Plaintiff will disclose. With no idea about type, sources, volume or general nature of the information to be disclosed, the Defendants cannot respond effectively to the Motion, nor can they make fully formed objections to the Motion.

(Filing No. 235). The Objecting Defendants also argue the government's proposed protective order will unduly limit their ability to prepare a defense by impeding their full

and fair review of the government's evidence, their communications with counsel, witnesses, and co-defendants; and their use of language translators, expert witnesses, investigators, or other assistance essential to preparing a defense. (Filing No. 235, at CM/ECF pp. 2-4). The Objecting Defendants argue the government has failed to show good cause for the entry of any protective order in this case.

The government states good cause exists for entry of a protective order, arguing:

> In order to protect the rights of third parties whose personal identifiers are included within these materials, and to protect witnesses, potential cooperators, and co-conspirators from harm or improper influence, as well as to preserve the integrity of each witnesses' testimony, and to protect ongoing criminal investigations, the government requests that this court enter an order of protection regarding the dissemination of the discovery and *Jencks* material in this case. Additionally, as this case has received media attention, a protective order would prevent disclosure of evidence and witness identities and statements to the press, which could endanger witnesses, potentially obstruct justice if testimony were compromised or lost, and potentially result in the tainting of the jury pool.

(Filing No. 233, at CM/ECF p. 2).

Having dealt with this case from the outset, the undersigned magistrate judge is aware of the numerous search warrants served and the extent of information requested in those warrants. Through the course of hearings and warrant applications, I know the government possesses extensive wiretap information regarding the alleged conspiracy, and it received information from cooperating witnesses who fear their names will become public. And, as a result of the warrants executed on or near the day Defendants were arrested, the government likely possesses extensive documentary evidence with personal identifiers. Redacting personal identifiers from the evidence is an option, but not a quick one. Meanwhile, defendants and witnesses remain detained awaiting the outcome of this case, possibly to include material witnesses in immigration custody who may possess inculpatory or exculpatory information.

Under the circumstances presented, the court believes the best course of action is to enter a protective order so the government can promptly serve discovery on Defendants' counsel. But this order will be entered without prejudice to any defendant filing a motion permitting disclosure beyond the confines of the protective order should the order and its limitations appear unnecessary or unconstitutional as applied (in whole, in part, or as to certain defendants) after reviewing the government's discovery.

Accordingly,

IT IS ORDERED:

1) The government's motion to restrict access, (Filing No. 232), is denied.

2) Defendants' objections, (Filing Nos. 235 & 236), are overruled but without prejudice to requesting a modification of the protective order after defense counsel has been afforded the opportunity to review the government's discovery.

3) The government's motion for protective order, (Filing No. 233), is granted, in part, as follows:

a. Any discovery materials (or copies thereof) provided by the government to the defense (regardless of when such materials were produced):

(i) will not be copied, except to the extent needed as trial exhibits or as counsel's working copies;

(ii) will not be provided to any person other than defendant's counsel and his or her employees, and any persons retained by defendant's counsel to assist with the defense of this case, including language translators, expert witnesses, and investigators;

(iii) will not be provided to or kept by a defendant, except that a defendant's counsel may take the materials to the defendant he or she represents, and may show, review, and discuss the discovery with that defendant in a location where only counsel, counsel's employees, any retained language translators, expert witnesses, and investigators, and the defendant can hear or see the information discussed;

3

b.    Defense counsel shall assure that any language translator, expert witness, or investigator (who is neither defense counsel nor an employee of defense counsel) retained to assist with the defense of this case has reviewed this Protective Order, has agreed to abide by its terms, and has signed the attached Acknowledgement of Protective Order <u>before</u> that language translator, expert witness, or investigator receives the government's discovery;

c.    Defendant, defendant's counsel, and any employee or agent thereof (including language translators, expert witnesses, and investigators) are prohibited from disseminating any of these materials or disclosing any information contained therein to anyone other than this Court and the parties to this case, and

d.    Any attorney of record who is retained or appointed to represent a defendant or who is later relieved of representation of a defendant is bound by the terms of this Order unless excused from its terms by Court Order.

September 10, 2018.

_____
CHERYL R. ZWART
U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JUAN PABLO SANCHEZ DELGADO, a/k/a "Pablo," ANTONIO DE JESUS CASTRO, a/k/a "Tony" MAGDALENA CASTRO BENITEZ, a/k/a "Nena," ALMA HERNANDEZ MORENO, a/k/a "Aunt" ANAYANCY CASTRO HERNANDEZ, a/k/a "Anay," FABIAN CASTRO, a/k/a "Fabi," SUNI SARAHI SANCHEZ DELGADO OSVALDO SANCHEZ DELGADO, a/k/a "Lalo," a/k/a "Lalito," JOHN CHRISTOPHER GOOD, ARACELY HEREDIA MARTINEZ, a/k/a "Donita," ERIC BERINGER, CHRISTOPHER THURLOW, MAYRA P. JIMENEZ, ASIYADETH JIMENEZ CASTELLON, JOHN GLIDDEN, JAIME GARCIA COTA, a/k/a "David," LILLIAN AJIN, JP AND SONS, LLC, J GREEN VALLEY, LLC, and CASTRO PROPERTIES, LLC,<br><br>　　　　Defendants. | **ACKNOWLEDGEMENT OF PROTECTIVE ORDER**<br><br>4:18CR3088 |

　　　I hereby acknowledge that I am about to receive discovery for the above-captioned case which was supplied by the government. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that the government's discovery, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Dated:

_____　　　_____
Printed Name　　　　　　　　　　　　　　　　　Signature