IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3088 |
| vs. | ORDER |
| JUAN PABLO SANCHEZ DELGADO, et al., | |
| Defendants. | |

This matter is before the Court on the government's motion for a preliminary order of forfeiture (filing 595). But the problem with that motion, as the Court sees it, is that prosecution is ongoing as to at least one of the defendants against whom the forfeiture allegation was directed. *See* filing 284 at 22-23. Juan Pablo Sanchez Delgado, Magdalena Castro Benitez, and Antonio De Jesus Castro have all pleaded guilty. *See* filing 497; filing 502; filing 349. But John Christopher Good hasn't. Nor have some of the businesses in whose name some of the subject properties were held. *See* filing 284 at 23-24.

The government, citing Fed. R. Crim. P. 32.2(b), argues that the Court "may enter a Preliminary Order of Forfeiture before the other named defendants have proceeded to trial or have entered guilty pleas." Filing 595 at 4. The Court only agrees to a point. Rule 32.2(b)(1)(A) provides that

> [a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.

Then, "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture[.]" Rule 32.2(b)(2)(A).

That convinces the Court that it could enter a preliminary order of forfeiture with respect to property made *completely* subject to forfeiture by a defendant's guilty plea, even if charges against co-defendants remained unresolved. But the Court's not convinced that some defendants' pleas can make the entirety of the property listed in the forfeiture allegation of the indictment subject to forfeiture, where those defendants' pleas aren't sufficient to establish the requisite nexus between *all* the property and the offense. *See United States v. Beltramea*, 785 F.3d 287, 291 (8th Cir. 2015); *see also Libretti v. United States*, 516 U.S. 29, 42 (1995).

The Court has an independent duty to ensure such a nexus exists. *See Beltramea*, 785 F.3d at 291. And to agree to forfeiture, the defendant should concede facts supporting the forfeiture. *See Libretti*, 516 U.S. at 42. The Court is not persuaded that one defendant can concede facts supporting the forfeiture of another defendant's property.[1] Nor is the Court persuaded it is sufficient to just ask unpleaded defendants to file claims to the property pursuant to 21 U.S.C. § 853(n)(2). That would not cure the failure to establish the forfeitability of the property in the first instance. *See Libretti*, 516 U.S. at 42. Nor does it seem appropriate to shift the burden to a defendant to prove his right to property that, at least nominally, was seized from him. *See* § 853(n)(6); *see also United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007).

The issue is perhaps best demonstrated by a sentence from the government's proposed order, which was separately submitted to the Court.

---

[1] The Court is aware that no defendant filed an opposition to the government's motion. But even a defendant's affirmative consent doesn't obviate the Court's responsibility to ensure the forfeitability of the property. *See Beltramea*, 785 F.3d at 291.

*See* NECrimR 12.4. The government proposes an order providing that: "By virtue of said pleas of guilty, defendants have forfeited their interests in the Properties. Accordingly, the United States should be entitled to possession of said Properties pursuant to 21 U.S.C. § 853." But there is a disconnect between those two sentences: the fact that some defendants have forfeited *their* interests in the property does not entitle the government to possession when the record provides no basis to forfeit *other* defendants' interests.

To be clear: the Court sees no impediment to a preliminary order of forfeiture directed at properties for which the concessions made by the pleading defendants are sufficient to establish forfeitability. For example, Magdelena Castro Benitez pleaded guilty and admitted the forfeiture allegation of the indictment, so a preliminary order with respect to Wells Fargo bank accounts in her name might be appropriate. The government is free to bring such a motion. But other property—such as money held in the name of John Good or corporate entities, or the real properties whose ownership is not described in the operative indictment or the government's motion—can't be forfeited based solely on the pleas and admissions presently before the Court. Accordingly,

> IT IS ORDERED that the government's motion for a preliminary order of forfeiture (filing 595) is denied without prejudice.

Dated this 14th day of August, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge