IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3088 |
| vs. | |
| JUAN PABLO SANCHEZ DELGADO a/k/a "Pablo", ANTONIO DE JESUS CASTRO a/k/a "Tony", and MAGDALENA CASTRO BENITEZ a/k/a "Nena", | AMENDED PRELIMINARY ORDER OF FORFEITURE |
| Defendants. | |

This matter is before the Court on the plaintiff's Motion for Amended Preliminary Order of Forfeiture (filing 969) with respect to the above-captioned defendants. For the reasons set forth below, the government's motion will be granted.

A superseding indictment in this case (filing 284) charged each of the above-captioned defendants with, among other things, one count of conspiring to harbor aliens in violation of 8 U.S.C. § 1324. The superseding indictment contained a forfeiture allegation seeking the forfeiture, pursuant to 18 U.S.C. § 982(a)(6) and (b)(1) and 21 U.S.C. § 853, of property alleged to have facilitated or intended to facilitate the commission of the conspiracy offense. Filing 284 at 22-26. And each of the above-captioned defendants has pled guilty to the count of conspiring to harbor aliens in the superseding indictment, and admitted the forfeiture allegation. Filing 453 at 1; filing 317 at 1; filing 436 at 1; *see* filing 475 at 26; filing 343 at 13-15; filing 499 at 22. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendants have forfeited their interest in the property, and the plaintiff should be entitled to

possession of the property pursuant to 18 U.S.C. § 982(a)(6) and (b)(1) and 21 U.S.C. § 853.

On November 26, 2019, the Court entered a preliminary order of forfeiture (filing 756) that forfeited the defendants' interests in the subject property. However, the government now claims that due to the passage of time two properties subject to that order, 2915 Carroll Street and 4797 Judson Avenue, no longer have sufficient net equity to permit forfeiture. Filing 969 at 1-2. So, the government requests an amended preliminary order of forfeiture excluding those two properties. Filing 969 at 2. The government further requests the Court order it to publish notice of the amended preliminary order and provide written notice to any person who reasonably appears to have standing to contest the forfeiture and any person known to have an alleged interest in the remaining properties, even though it has previously published notice. Filing 969 at 2-3.

The Court sees no reason to deny the government's motion. Accordingly,

IT IS ORDERED:

1. The plaintiff's Motion for Amended Preliminary Order of Forfeiture (filing 969) is granted.

2. Based upon the above-captioned defendants' guilty pleas and admission of the forfeiture allegation of the superseding indictment, the plaintiff is authorized to seize:

    a. Real property located at: 2139 Bledsoe Lane, Las Vegas, Nevada, 89156, and more particularly described as:

All that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

Parcel One (1): That portion of the Northwest Quarter (NW 1/4) of Section 21, Township 20 South, Range 62 East, M.D.B. & M., described as:

Commencing at the Southwest corner of the Northwest Quarter (NW 1/4) of said Section 21;
Thence North 89 degrees 45' 48" East, along the South line thereof, a distance of 1675.04 feet to a point;
Thence North 02 degrees 28' 40" West, and parallel to the West line of the Northwest Quarter (NW 1/4) of said Section 21, a distance of 914.00 feet, the True Point of Beginning; Thence North 0 degree 28' 40" West, a distance of 79 feet to a point;
Thence North 89 degrees 45' 48" East, a distance of 325 feet to a point;
Thence South 0 degree 28' 40" East, a distance of 79 feet to a point;
Thence South 89 degrees 45' 48" West, a distance of 325 feet to the True Point of Beginning.

Parcel Two (2): That portion of the Northwest Quarter (NW 1/4) of Section 21, Township 20 South, Range 62 East, M.D.B. & M., described as:

> Commencing at the Southwest corner of the Northwest Quarter (NW 1/4) of said section 21;
> Thence North 89 degrees 45' 48" East, along the South line thereof, a distance of 1675.04 feet to a point;
> Thence North 0 degree 28' 40" West, and parallel to the West line of the Northwest Quarter (NW 1/4) of said Section 21, a distance of 993 feet, the True Point of Beginning; Thence North 0 degree 28' 40" West, a distance of 79 feet to a point;
> Thence North 89 degrees 45' 48" East, a distance of 325 feet to a point;
> Thence South 0 degree 28' 40" East, a distance of 79 feet to a point;
> Thence South 89 degrees 45' 48" West, a distance of 325 feet to the True Point of Beginning.

b. Funds in the Wells Fargo Bank account *5772 ($75,918.78).

c. Funds in the Wells Fargo Bank account *9281 ($1,983.86).

d. Funds in the Wells Fargo Bank account *4366 ($25,618.37).

e. Funds in the Great Western Bank account *3578 ($21,382.05).

f. $13,607.00 in United States currency seized from 720 E. Benton Street, O'Neill, Nebraska.

3. The above-captioned defendants' interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n).

4. The property is to be held by the plaintiff in its secure custody and control.

5. Pursuant to Supp. Admiralty and Maritime Claims R. G(4)(a)(iii)(B), the plaintiff shall publish for at least thirty consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in

the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 18th day of August, 2020.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge