IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3088 |
| vs. | |
| JUAN PABLO SANCHEZ DELGADO, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 982) filed by the defendant, Juan Pablo Sanchez Delgado. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was first charged in 2018 with several counts arising out of an alleged conspiracy to harbor and profit from the labor of undocumented immigrants. *See* filing 1; filing 284. The defendant ultimately pled guilty to one count of a conspiracy to harbor aliens in violation of 8 U.S.C. § 1324. Filing 453 at 1. The defendant was repeatedly advised that he faced up to 10 years in prison. *See* filing 452 at 6; filing 453 at 9; filing 475 at 2-3, 8-9.

The defendant was also repeatedly advised how sentencing works: That the sentence was up to the presiding judge, who could impose the same punishment as if the defendant had pleaded not guilty and been convicted by a jury, and there was no guarantee of any particular sentencing range. *See* filing 452 at 5-6; filing 475 at 9-10. The defendant said he understood that the Court could sentence him within the guidelines he had discussed with his counsel, but "does not have to" and "could go above or below those guidelines based upon [the Court's] findings." Filing 475 at 9-10. And the defendant's plea agreement contained an appeal waiver, his knowledge of which was confirmed in open court. Filing 453 at 12; filing 475 at 15-16.

The defendant's total offense level of 22, combined with a criminal history category I, resulted in a sentencing guidelines range of 41 to 51 months' imprisonment. Filing 777 at 24; filing 783 at 1. The defendant also testified at the trial of several co-defendants. *See* filing 742. But the Court elected to vary

upward at sentencing, based on the defendant's role in the offense, extreme conduct, and victim impact. *See* filing 783 at 3. Generally speaking, the Court was not impressed by the defendant's attempts to throw his far less culpable co-defendants under the bus—including friends and family—in order to try and escape responsibility for his own exploitation of exceptionally vulnerable undocumented workers. Accordingly, the Court sentenced the defendant to the statutory maximum of 120 months imprisonment. Filing 782. The defendant did not appeal.

## DISCUSSION

The defendant alleges four postconviction claims, all (apparently) premised on ineffective assistance of counsel: (1) His attorney didn't consult with him about the benefits of appealing, (2) his attorney didn't consult with him, (3) his attorney promised he would receive a reduced sentence for cooperation, and (4) "no respect my plea agreement" and "PSI recommedate [sic] 3 years of sentence." Filing 982.

But the initial question is whether the defendant's motion was timely filed.[1] A § 2255 motion must be filed, as relevant here, within 1 year of the date on which the judgment of conviction becomes final. § 2255(f)(1). In this case, the judgment was entered on December 3, 2019, and the defendant did not appeal. *See* filing 782. So the judgment became final on December 18, 2019,

---

[1] The Court is permitted, but not required, to *sua sponte* consider the timeliness of a § 2255 petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court elects to do so here. Before dismissing a petition the Court must afford the parties fair notice and an opportunity to be heard. *Day*, 547 U.S. at 211. Here, the defendant had notice and opportunity, because the statute of limitations is explained on the Court's Form AO 243, and the defendant answered the question asking him to explain his untimely filing. *See* filing 982 at 11.

after the time for appeal ran. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008). Accordingly, the statute of limitations ran on December 18, 2020, 17 months before the defendant mailed his § 2255 motion. *See* filing 982 at 13; filing 984.

The statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States*, 173 F.3d 1131, 1134-35 (8th Cir. 1999), and may be equitably tolled where extraordinary circumstances beyond a prisoner's control prevent timely filing. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). But equitable tolling will only apply where the petitioner has demonstrated diligence in pursuing the matter. *Id.* at 1095.

The defendant's excuse for untimely filing here bears considering in its entirety:

> I had been trying to get my Attorney to come visit me in the Wilber Nebraska[2] county So I can start the appeal process but he never showed. I asked him to appoint me publice Defender and he took an exajeratedly excessive amount of time to respond to any of my requests, almost as if he was pushing for deadline to pass

Filing 982 at 11 (errors in original). Read charitably, the defendant seems to be claiming that the delay in filing was his counsel's fault.

But the Eighth Circuit has repeatedly rejected claims of "extraordinary circumstances" based on similar facts. For instance, in *Muhammad v. United*

---

[2] The Saline County Jail in Wilber, Nebraska is contracted to hold many federal detainees with pending proceedings in the District of Nebraska. The defendant was sentenced on November 27, 2019, but wasn't delivered to the Bureau of Prisons until January 14, 2020. *See* filing 767; filing 853.

*States*, the defendant alleged that his attorney actually *had* promised to file a § 2255 motion on his behalf. 735 F.3d 812, 815-16 (8th Cir. 2013). And, he said, when his attorney didn't respond to his calls and letters, he simply assumed she was working on his case. *Id*. But the Eighth Circuit rejected his claim:

> At its essence, [the defendant] claims that [counsel] initially stated she would file the section 2255 motion on his behalf and then quit communicating with him. [The defendant] does not claim that [counsel] lied to him about the deadlines for filing the motion, repeatedly told him that she would file the section 2255 motion, failed to communicate critical information about his case, or withheld paperwork from him that he would need to prepare his section 2255 motion. We do not condone attorneys failing to respond to letters or phone calls; however, in this case, [counsel]'s actions do not constitute an "extraordinary circumstance" that prevented [the defendant] from timely filing his section 2255 motion. Thus, equitable tolling should not apply.

*Id*. at 816. Furthermore, the Court of Appeals explained, even if those actions *had* been an extraordinary circumstance, the defendant hasn't acted with diligence because he did nothing to monitor the status of his case or contact the court himself. *Id*. at 817; *see also Anjulo-Lopez,* 541 F.3d at 818-19.

The defendant's situation here is even less extraordinary. *See Chachanko v. United States*, 935 F.3d 627, 630 (8th Cir. 2019). The Court sees no basis here for tolling the statute of limitations for an extra 17 months. The defendant's motion is untimely.

For the sake of completeness, the Court also notes that most (but not all) of the defendant's claims are substantively defective. The first is the only one

- 5 -

with any juice—the defendant alleges that counsel didn't consult with him regarding an appeal. And in *Roe v. Flores-Ortega*, the Supreme Court held that a claim for ineffective assistance of counsel lies where the defendant can show that but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. 528 U.S. 470, 484 (2000); *accord Garza v. Idaho*, 139 S. Ct. 738, 747 (2019). And that's true despite the defendant's waiver of appeal, *see Garza*, 139 S. Ct. at 747—although an appeal waiver may be part of deciding whether the defendant made the requisite showing that he *would* have appealed, given that "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination," *see Flores-Ortega*, 528 U.S. at 485.

The Court has some question whether the defendant could make that showing here, given his appeal waiver *and* his signature on the Court's notice of right to appeal form, indicating that the defendant was aware of his right to appeal and the deadline for doing so. *See* filing 768. But given the Court's imposition of a substantially above-guidelines sentence, that claim would at least have merited an evidentiary hearing.

The rest of the defendant's claims, however, are dead on arrival. His second claim—a more general "failure to consult"—fails on the absence of any allegation that would allow the Court to connect that lack of consultation to any specific action necessary to his case. *See Williams v. Lockhart*, 772 F.2d 475, 480 (8th Cir. 1985). His third claim—that his attorney misled him regarding the possible sentence—is contradicted by the record, in which he was repeatedly made aware of the maximum sentence and the Court's ability to sentence him up to it. And his final claim—to the extent it's different from his third—doesn't raise ineffective assistance of counsel at all: Rather, it seems to

take issue with the sentence itself, and that's not cognizable in a § 2255 motion. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

## CONCLUSION

The defendant's § 2255 motion is untimely, and will be summarily denied. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). When the Court denies a § 2255 motion on procedural grounds without reaching the defendant's underlying constitutional claim, a certificate of appealability should issue when the defendant shows, at least, that jurists of reason would find it debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

Here, as explained above, there is at least a colorable claim on a single issue—the defendant's claim that he received ineffective assistance of counsel as a result of his trial counsel's alleged failure to consult with him regarding a direct appeal. However, the Court sees no basis, given the relevant precedent, to conclude that the defendant's § 2255 motion was timely filed. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion to expand the record (filing 985) is granted.

2. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 982) is denied.

3.  The Court will not issue a certificate of appealability in this matter.

4.  A separate judgment will be entered.

5.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 21st day of April, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge